

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

---

| | | |
|---|---|---|
| TONY CERVANTES, PRO SE, | § | |
| TDCJ-CID No. 1268522, | § | |
| Previous TDCJ-CID No. 486370, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-0182 |
| | § | |
| H. WESTON, Senior Warden, | § | |
| G. DAVIS, Assistant Warden, | § | |
| P. PONDER, Chief of Classification, | § | |
| T. MOORE, Major, | § | |
| R. BURT, Laundry Manager, | § | |
| NFN RODRIGUEZ, Lt., | § | |
| NFN BASSE, Unit Health Authority Doctor, | § | |
| NFN COWDEN, P.A. Doctor, | § | |
| NFN WINSCHEL, Unit Health Administrator, | § | |
| and NFN ABERNATHY, Director of Nursing, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff TONY CERVANTES, proceeding *pro se* and while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed *in forma pauperis*.

On January 20, 2009, the Court reviewed plaintiff's October 10, 2008 original complaint and issued an Order to File Amended Complaint. That Order was based on the Court's finding that the original complaint did not comply with the requirements of Federal Rules of Civil Procedure 8 that it set forth a short and plain statement of claim showing plaintiff's entitlement to relief. Plaintiff's complaint set forth a vague, generalized, and rambling complaint consisting

of conclusory allegations without specific factual content, dates, and an identification of who did what, when, or what the surrounding circumstances were. Further, plaintiff's January 14, 2008 motion to amend complaint was not accompanied by a copy of the proposed amended complaint and was unfiled for that deficiency.

The period for filing an amended complaint expired February 9, 2009, without any further pleading being filed.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**THE LAW AND ANALYSIS**

The Court "must insist that a plaintiff suing a public official under section 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (*en banc*). Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim" providing the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. FED.R.CIV.P.8.

Plaintiff's complaint is wholly inadequate and fails to provide anything more than vague and conclusory allegations of inadequate medical care. The Court cannot act as plaintiff's attorney and construct his claims for him. As a pro se litigant, plaintiff has assumed that role for himself. Plaintiff is the master of his complaint and is, in the end, the person responsible for articulating the facts that give rise to a cognizable claim. *Davis v. Scott*, 157 F.3d 1003, 1005-1006 (5th Cir. 1998).

Plaintiff appears to confuse a list of generalized complaints with a legal complaint, that is, a document, in relevant part, clearly and concisely setting forth his claim or entitlement to relief from the person(s) or entity(ies) sued and stating the relief requested. Rule 8, F.R.C.P. Further, in the context of actions arising under Title 42, United States Code, section 1983, a plaintiff is required to state specific facts rather than conclusory allegations in his complaint. *O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir. 1985), as amended.

Thus, plaintiff's statement of his claims fails to comply with Rule 8, Federal Rules of Civil Procedure, *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), and fails to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint by plaintiff TONY CERVANTES filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITHOUT PREJUDICE FOR FAILURE COMPLY WITH THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 8 and WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH AN ORDER OF THE COURT.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of February 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).